

## State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
PO Box 45029
NEWARK, NJ 07101

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

JEFFREY S. CHIESA
*Attorney General*

CHRIS S. PORRINO
*Director*

**Via ECF Only**
Honorable Peter G. Sheridan, U.S.D.J.
United States District Court,
District of New Jersey
Fisher Fed. Bldg. & United States Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:   <u>PPL Energy LLC, et al. v. President Solomon, et al.</u>
      Civil Action No: 11-745 (PGS-DEA)

<u>Response to Plaintiffs' Letter Dated August 7, 2012</u>

Dear Judge Sheridan:

Please accept this letter on behalf of the State Defendants in response to Plaintiffs' letter dated August 7, 2012. What Your Honor asked the parties to address is what discovery, if any, is needed before this matter can be resolved by the Court. For the reasons set forth below, as well as those in the letter by Intervenor Defendant, CPV Power Development, Inc. ("CPV"), the State Defendants assert that no further discovery is needed and that there are no outstanding discovery responses that State Defendants owe to Plaintiffs.[1]

With regard to Commerce Clause discovery, the State Defendants believe additional discovery is unnecessary. First, when Your Honor asked Plaintiffs' counsel if the Commerce Clause claim could be entertained at oral argument or whether more discovery was needed and therefore not ripe for adjudication, Plaintiffs' counsel opted to substantively argue the Commerce Clause issue. In addition, Plaintiffs' opposition to CPV's Motion for Summary Judgment on the Commerce Clause issue indicates their belief that there is a raft of discovery in the record sufficient to respond to CPV's Motion. Further,

---

[1] Plaintiffs state that they would be willing to forego discovery if the parties could stipulate to the salient facts; however, Plaintiffs do not identify those facts. Nonetheless, if Plaintiffs wish to provide the State Defendants with proposed stipulations of fact, the State Defendants are happy to work with Plaintiffs in an attempt to expeditiously resolve this matter.



August 14, 2012
Page 2

the LCAPP Agent's report details the entire process utilized to select the eligible generators, from all thirty-four Prequalification Applications to the three generators awarded the SOCAs. Plaintiffs have received approximately 50,000 pages of discovery from the State, including approximately 20,000 pages of discovery from Levitan and Associates, Inc. ("LAI") regarding the LCAPP process. The documents include all communications between Board Staff and LAI regarding implementation of the Act as well as all relevant communications among LAI staff.

On February 28, 2012, Judge Arpert granted Defendants' request "to produce the documents recently obtained from Levitan and Associates" by March 9, 2012. Judge Arpert also advised that "if Plaintiffs are not satisfied with this production, they may proceed by subpoena to Levitan...." (Docket Entry No. 139). As stated above, the State Defendants fully complied with that Order. To date, Plaintiffs have not subpoenaed Levitan for documents nor have they sought additional discovery from the State Defendants. The State Defendants have no additional discovery to provide to Plaintiffs. Further, the State Defendants are not aware of any outstanding discovery demands. It appears the intent is to seek discovery from LAI. That discovery will likely include proprietary data of a number of non-parties to this litigation, which will likely raise additional, unnecessary prolonged discovery issues. It is simply too late in this litigation to begin this process, especially since Judge Arpert instructed that they proceed to subpoena Levitan if Plaintiffs were not satisfied with discovery in March. To begin what essentially amounts to a new round of discovery to seek information that goes well beyond the claims in this matter will result in unnecessary delay and expense.

Plaintiffs assert that they need additional discovery to support their conflict preemption claim. With regard to the conflict preemption claim, Plaintiffs "seek information about how the LCAPP Act affected the recent 2012 PJM capacity auction." Pl. Letter page 3. First, this broad discovery request seeks irrelevant information. Both FERC and the Independent Market Monitor ("IMM") have stated that they will not allow an uneconomic bid into the Base Residual Auction ("BRA"). Second, CPV stipulates that it would not have bid into the auction absent the LCAPP. Moreover, the 2012 BRA is the first of fifteen BRAs where the SOCA payments will be applicable. To get a complete picture under Plaintiffs' theory, Plaintiffs would need to wait until the conclusion of the 2027 BRA and seek discovery on the results of that and all prior auctions.

Moreover, looking only at bids of CPV, or even only the three generators is insufficient. To truly understand the BRA, Plaintiffs would need to produce their bid information as well as other non-parties that bid into the auction. This will lead to complicated and convoluted discovery on what is ultimately an irrelevant issue. Finally, the information sought by Plaintiffs is highly sensitive market information, which the affected parties, PJM or the IMM most likely will not voluntarily provide. Contrary to Plaintiffs' assertion that discovery can be pursued quickly and efficiently, the discovery will likely require prolonged and time-consuming negotiations and motions before the Court. State Defendants last produced discovery to Plaintiffs in March, and not until now do Plaintiffs raise discovery issues. The time to seek discovery has long passed, and the State Defendants would be prejudiced as the parties are before the Court on Motions for Summary Judgment.

Lastly, Plaintiffs state that they expect to submit "expert testimony addressing the impact of the LCAPP Act on FERC's regulatory scheme." Pl. Letter at page 3. Plaintiffs' purported need for an expert to explain the impact of the LCAPP Act in FERC's regulatory scheme has no bearing on the conflict preemption claim. The question is whether the state's LCAPP Act conflicted with FERC's regulatory

August 14, 2012<br>Page 3

scheme not the impact, if any, of the LCAPP Act on FERC's regulatory scheme. Expert testimony to explain the impact is unnecessary and irrelevant.

For all the foregoing reasons, as well as those provided by CPV, the State Defendants assert that no additional discovery is needed and that all of Plaintiffs' claims are ripe for adjudication.

Respectfully submitted,

JEFFREY S. CHIESA
ATTORNEY GENERAL OF NEW JERSEY

By: _/s/ Brian O. Lipman_
Brian O. Lipman
Deputy Attorney General

cc: Honorable Douglas E. Arpert, U.S.M.J. (Via ECF)
    Service List (Via ECF)